UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| MICHAEL E. ALLISON, | ) | Case No.: 5:16 CV 2388 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | ORDER |


The Commissioner of Social Security Administration ("Commissioner") denied disability

benefits to Plaintiff Michael E. Allison ("Plaintiff"or "Allison"), in the above-captioned case.

Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to

Magistrate Judge David A. Ruiz ("Magistrate Judge" or "Judge Ruiz") for preparation of a Report

and Recommendation ("R & R").  Both parties submitted briefs on the merits.  Plaintiff argued that

the Administrative Law Judge's ("ALJ") decision, denying his applications for a Period of Disability,

Disability Insurance Benefits, and Supplemental Security Income under Titles II and XVI of the

Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*., was not supported by substantial

evidence because: (1) the ALJ did not properly evaluate Allison's diarrhea as a symptom of his

severe impairments, (2) the ALJ did not properly evaluate Allison's credibility, and (3) the ALJ did

not meet his burden at Step Five of the Sequential Evaluation. The Commissioner sought final

judgment upholding the decision below.

Judge Ruiz submitted his R & R (ECF No. 17) on June 23, 2017, concluding that the court should affirm the Commissioner's final decision. In his R & R, the Magistrate Judge construes Allison's first and second assignments of error as essentially the same claim—that the ALJ failed to make a proper credibility finding concerning Plaintiff's claims of frequent bathroom use stemming from chronic diarrhea. (*Id.* at 12.) As to this assignment of error, the Magistrate Judge finds that the ALJ properly considered Plaintiff's alleged symptoms and adequately explained why he was discounting these allegations, in consideration of several of the required factors under SSR 96-7p. (*Id.* at 12–18.) As to the third assignment of error, Judge Ruiz finds that Plaintiff's contention— the ALJ did not meet his burden at Step Five of the Sequential Evaluation— is predicated on a finding that the ALJ should have credited Plaintiff's claims of frequent bathroom use stemming from chronic diarrhea, which would have nullified his ability to perform his past relevant work. However, having already rejected this argument, the Magistrate Judge concludes that Plaintiff's argument is moot. (*Id.* at 18.)

Plaintiff filed Objections to Report and Recommendation (Objs., ECF No. 18) on July 6, 2017. In his Objections, Allison argues that the ALJ, and the Magistrate Judge, should have considered the cumulative effects of his diarrhea *and fatigue*. He notes that there are numerous medical records which document his complaints, including those from Dr. Watkins, his treating infectious disease physician. (*Id.* at 2.) And, he contends that the effects of his fatigue in combination with his diarrhea, would pose additional limitations on his ability to perform his past work. (*Id.*.at 2–3.)

Contrary to Plaintiff's contentions, the ALJ did not ignore the medical opinion evidence regarding either his diarrhea or his fatigue. As the Magistrate Judge describes, the ALJ explicitly

considered Allison's alleged symptoms related to his diarrhea, but determined that his subjective statements concerning the severity of these symptoms were not entirely credible. The ALJ also specifically referenced Dr. Watkins's notations that Allison experienced recurrent fatigue and nausea related to his HIV, but, took note of the doctor's indication that these symptoms were not severe or sufficient to disrupt Allison's daily activities, social interaction, or ability to concentrate. (Tr. 16, ECF No. 11.) In fact, recent records suggested that Allison's fatigue was not chronic, but rather "off and on." (*Id.* at 18.) After weighing this objective medical evidence against Allison's subjective statements, the ALJ found that Plaintiff's fatigue was not preclusive of all types of work. (*Id.*)

As such, the ALJ found that the record indicated Allison's symptom limitations relevant to these impairments were not as severe as alleged, and she formulated the residual functional capacity in light of this determination. The court accords great weight and deference to an ALJ's findings based on the credibility of a claimant, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Here, the Plaintiff's argument fails to demonstrate that the ALJ's credibility assessment was not supported by substantial evidence.

Accordingly, the court finds, after careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, that Judge Ruiz's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R & R (ECF No. 17). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 25, 2017